[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO REVISE #121
The issue is whether the court should sustain plaintiffs' objection to paragraph seven of defendant Schaeffer's request to revise #120.
It is found that the court should deny the objection to paragraph seven of the request to revise.
On September 20, 1991 plaintiffs David Novotnak and Mary Novotnak filed this action against defendants Frederick Choromanski, Marion C. Choromanski, and Marvin H. Schaeffer. On April 24, 1992 plaintiffs filed a revised complaint in six counts claiming money damages, punitive damages, compensatory damages, reliance damages and/or such other relief as is deemed just, fair and equitable. Along with their complaint, plaintiffs filed a demand for relief in the amount of $2,500 or more. The demand further provides "[t]his is a contract action seeking only money damage and the remedy sought is based upon an express or implied promise to pay a definite sum less than Fifteen Thousand Dollars exclusive of interest and costs."
On May 13, 1992 defendant Schaeffer filed a request to revise in seven paragraphs. Paragraph seven requests plaintiffs to revise their complaint "[b]y deleting the claims for punitive damages, compensatory damages, reliance damages and such other relief as is deemed just, fair and equitable on page eight of the Revised Complaint, as said damages have not been claimed in the Demand for Relief, and are totally inconsistent with the Demand for Relief". On May 26, 1992 plaintiff filed an objection to paragraph seven of the request to revise.
Practice Book 147 provides in pertinent part: "Whenever any CT Page 9042 party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."
Book 131 provides in pertinent part:
 The first pleading on the part of the plaintiff shall be known as the complaint. It shall contain a concise statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for relief which shall be a statement of the remedy or remedies sought.
It is noted that the only published case concerning this issue is the case of Oakridge Builders, Inc. v. Reynolds, 3 CSCR 924
(Pickett, J., December 12, 1988). In that case the prayer for relief was not on a separate page. The court held that striking the prayer for relief would amount to putting form over substance because the pleadings are no longer required to be submitted to the jury. Oakridge Builders, Inc., supra, 925.
In the present case plaintiffs have a separate page with their demand for relief. Plaintiffs also included a claim for relief on the last page of their complaint. It is found that such pleading is repetitious and should be deleted. Accordingly, it is found that the court should deny the objection to paragraph seven of the request to revise.
William J. McGrath, Judge